1  Andrew D. Skale (SBN 211096)
   askale@mintz.com
2  Ben L. Wagner (SBN 243594)
   bwagner@mintz.com
3  Thomas Jackman (SBN 267504)
   tjackman@mintz.com
4  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
   3580 Carmel Mountain Road, Suite 300
5  San Diego, CA  92130
   Telephone: (858) 314-1500
6  Facsimile:  (858) 314-1501

7  Attorneys for Plaintiffs
   SPIN MASTER, LTD., LEONARD R. CLARK
8  and H. PETER GREENE JR.

9

10                  UNITED STATES DISTRICT COURT

11                SOUTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| SPIN MASTER, LTD., LEONARD R. CLARK and H. PETER GREENE JR., <br><br> Plaintiffs, <br><br> v. <br><br> JAKKS PACIFIC, INC., <br><br> Defendant. | Case No. **'15CV0188 AJB  RBB** <br><br> **SPIN MASTERR, LTD.'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br> JURY DEMANDED |

18        Plaintiffs SPIN MASTER, LTD.; LEONARD R. CLARK; and H. PETER

19  GREENE JR. for their Complaint against Defendant JAKKS PACIFIC, INC. alleges

20  and states as follows:

21                          **THE PARTIES**

22        1.     Plaintiff SPIN MASTER, LTD. ("Spin Master") is a corporation with its

23  headquarters located at 450 Front Street West, Toronto, ON M5V 1B6, Canada and a

24  place of business at 5880 W. Jefferson Blvd., Suite A, Los Angeles, CA 90016.

25        2.     Plaintiff LEONARD R. CLARK ("Clark") is an individual residing in

26  Oreland, PA.

27        3.     Plaintiff H. PETER GREENE JR. ("Greene") is an individual residing

28  in  Boyertown, PA.

                                    1

4.     Plaintiffs' Clark and Greene own United States Patent Numbers 7,980,916 and 7,753,755, to which Plaintiff Spin Master is the exclusive licensee. Clark, Greene, and Spin Master are referred to collectively herein as "Spin Master."

5.     Defendant JAKKS PACIFIC, INC. ("JAKKS") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 22619 Pacific Coast Highway, Malibu, CA 90265.

## JURISDICTION AND VENUE

6.     This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. sections 1 et seq.  Subject matter jurisdiction is therefore proper under 28 U.S.C. sections 1331 and 1338(a).

7.     Personal jurisdiction is proper in California because the accused products were offered for sale and sold directly in California, and specifically in the District, and on information and belief, Defendant has its principal place of business in California.  JAKKS also intentionally established distribution channels for the accused products in California and in the District.  On information and belief, JAKKS has intentionally obtained substantial revenues from sales of the accused products to California residents.

8.     Defendant's minimum contacts with the forum are such that the exercise of jurisdiction with respect to the claims herein comports with traditional notions of fair play and substantial justice.

9.     Venue is proper in this judicial district under 28 U.S.C. sections 1391(b) and (c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in the District and the Defendant resides in this District by virtue of being subject to personal jurisdiction in this judicial district by, among others, their repeatedly availment and direction of their activity toward the District, and engaging in acts of infringement in this judicial district.

///

2

1

2

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 7,980,916

3       10.     Spin Master realleges and incorporates by reference the allegations of

4   this Complaint as though fully set forth herein.

5       11.     On July 19, 2011, United States Patent Number 7,980,916 ('916 Patent)

6   entitled "Wall Racer Toy Vehicles," was duly and legally issued.  Spin Master is the

7   exclusive licensee to all the rights and interests in the '916 Patent in the United

8   States.  A true and correct copy of this Patent is attached hereto as **EXHIBIT 1** and

9   incorporated herein by reference.

10      12.     JAKKS has directly and indirectly infringed and continues to infringe

11  (literally and under the doctrine of equivalents) the claims of the '916 Patent by

12  making, using, selling, offering for sale, importing, and/or actively inducing others to

13  use (for example, end users of their products by providing instructions and/or

14  manuals) wall racer toys covered by one or more claims of the '916 Patent, and is

15  thus liable for patent infringement pursuant to 35 U.S.C. § 271.  This includes

16  infringement of at least Claim 1 by at least Defendant's Mario Kart 8 IR Wall

17  Climber.

18      13.     Defendant's infringement of the '916 Patent has caused and continues to

19  cause damage to Spin Master in an amount to be determined at trial.

20      14.     Defendant's infringement of the '916 Patent has caused and will

21  continue to cause immediate and irreparable harm to Spin Master for which there is

22  no adequate remedy at law, unless this Court enjoins and restrains such activities.

23      15.     Spin Master is informed and believes and, on that bases alleges, that

24  JAKKS knew of the '916 Patent and that its infringement of the '916 Patent was

25  willful and deliberate, entitling Spin Master to enhanced damages pursuant to 35

26  U.S.C. § 284, and costs incurred prosecuting this action.  For example, as of at least

27  November 24, 2014, JAKKS was aware of the '916 patent by way of a notification

28  of infringement sent by Spin Master.  On information and belief JAKKS has

1    continued to offer the infringing products after receiving this notice.

2                        **SECOND CLAIM FOR RELIEF**

3              **INFRINGEMENT OF U.S. PATENT NO. 7,753,755**

4         16.    Spin Master realleges and incorporates by reference the allegations of

5    Paragraphs 1-15 of this Complaint as though fully set forth herein.

6         17.    On July 13, 2010, United States Patent Number 7,753,755 ('755 patent)

7    entitled "Wall Racer Toy Vehicles," was duly and legally issued.  Spin Master is the

8    exclusive licensee to all rights and interests in the '755 Patent in the United States.

9    A true and correct copy of this Patent is attached hereto as **EXHIBIT 2** and

10   incorporated herein by reference.

11        18.    JAKKS has directly and indirectly infringed and continues to infringe

12   (literally and under the doctrine of equivalents) the claims of the '755 Patent by

13   making, using, selling, offering for sale, importing, and/or actively inducing others to

14   use (for example, end users of their products by providing instructions and/or

15   manuals) wall racer toys covered by one or more claims of the '755 Patent, and is

16   thus liable for patent infringement pursuant to 35 U.S.C. § 271.  This includes

17   infringement of at least Claim 1 by at least Defendant's Mario Kart 8 IR Wall

18   Climber.

19        19.    Defendant's infringement of the '755 Patent has caused and continues to

20   cause damage to Spin Master in an amount to be determined at trial.

21        20.    Defendant's infringement of the '755 Patent has caused and will

22   continue to cause immediate and irreparable harm to Spin Master for which there is

23   no adequate remedy at law, unless this Court enjoins and restrains such activities.

24        21.    Spin Master is informed and believes and, on that bases alleges, that

25   JAKKS knew of the '755 Patent and that its infringement of the '755 Patent was

26   willful and deliberate, entitling Spin Master to enhanced damages pursuant to 35

27   U.S.C. § 284, and costs incurred prosecuting this action.  For example, as of at least

28   November 24, 2014, JAKKS was aware of the '755 patent by way of a notification

1  of infringement sent by Spin Master.  On information and belief it has continued to

2  offer the infringing products after receiving this notice.

3  ## PRAYER FOR RELIEF

4  WHEREFORE, Spin Master prays for relief as follows:

5  1.   For judgment entered in favor of Spin Master that one or more claims of

6  the '916 Patent and/or the '755 Patent are infringed by JAKKS;

7  2.   That Spin Master be granted an accounting of all damages incurred

8  from JAKKS's infringement;

9  3.   That Spin Master be awarded its actual damages along with

10  prejudgment interest according to proof, and enhanced damages pursuant to 35

11  U.S.C. § 284;

12  4.   For a preliminary and permanent injunction enjoining JAKKS' acts of

13  infringement and of  its parents, subsidiaries, officers, directors, agents, employees,

14  licensees, and any persons acting in concert with either or both of them, along with

15  related individuals and entities, representatives, OEMs, dealers, distributors, and

16  customers;

17  5.   That Spin Master be awarded its attorney's fees and costs pursuant to 35

18  U.S.C. § 285 or as otherwise provided by law, whether by statute, common law or

19  the Court's inherent power; and

20  6.   For all other and further relief deemed just and proper by the Court.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY**

Spin Master demands trial by jury on all issues triable as a matter of right at law.

Dated:  January 28, 2015          MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO

                                   By:     s/Andrew D. Skale
                                           Andrew D. Skale, Esq.
                                           Ben L. Wagner, Esq.
                                           Thomas Jackman, Esq.

                                           Attorneys for Plaintiffs
                                           SPIN MASTER, LTD., LEONARD R. CLARK and H. PETER GREENE JR.

6